UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRED STANTON III,

                              Plaintiff,

v.                                               Civil Action No. _____

PENTAGROUP FINANCIAL, LLC.,

                              Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Fred Stanton III is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Pentagroup Financial, LLC, (hereinafter "PentaGroup") is a foreign limited liability company organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff's father Fred Stanton II incurred a debt for the service of a cellular phone. This debt will be referred to as "the subject debt."

10. That upon information and belief Plaintiff did not incur the subject debt and is not legally obligated to pay the subject debt.

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief Defendant was employed by the original or now current creditor to collect on the subject debt.

13. That in or about December 2010, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That despite Defendant first contacting Plaintiff in December 2010, Plaintiff did not receive the legally required 30-day validation notice within five days of that initial communication. To date Plaintiff has still not received a 30 day validation letter from Defendant.

15. That on or about January 20, 2011, Defendant contacted Plaintiff in an attempt to collect the subject debt. In the subject conversation Plaintiff stated that the subject debt was not his and requested that Defendant stop calling. Thereafter the conversation was terminated.

16. That on or about January 25, 2011, Defendant contacted Plaintiff in an attempt to collect the subject debt. In the subject conversation Plaintiff again explained that the subject debt was not his and requested that Defendant stop calling. Thereafter the conversation was terminated.

17. That on or about January 27, 2011, Defendant contacted Plaintiff in an attempt to the subject debt. In the subject conversation Plaintiff explained that the subject debt was not his and requested that Defendant stop calling. Defendant then became very aggressive and stated that if Plaintiff did not pay the subject debt Defendant would call Plaintiff "forever." Thereafter the conversation was terminated.

18. That despite Plaintiff's repeated requests that Defendant stop calling and Plaintiff's repeated statements that the subject debt was not his, Defendant continued to engage Plaintiff in conversations and leave messages on Plaintiff's answering machine.

19. That on or about February 17, 2011, Defendant received a cease and desist letter sent certified mail by Plaintiff. In the subject letter Plaintiff stated that he disputed the subject debt and refused to pay it.

20. That despite Defendant's receipt of the cease and desist letter from Plaintiff, Defendant has continued to contact Plaintiff. That since Defendant received the cease and desist letter Plaintiff has received at least 11 telephone calls and had multiple messages left on his answering machine.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(c) by continuing to contact Plaintiff after Defendant was in receipt of a cease and desist letter received on February 17, 2011 by certified mail.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's phone to ring, and repeatedly engaging Plaintiff in telephone conversations. The natural consequence of said action was to harass, oppress, and abuse the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the legally required 30 day validation notice within 5 days of the initial communication with Plaintiff.

    D. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f91) by attempting to collect a debt that Plaintiff does not owe. The attempt of Defendant to collect a debt that was not owed by the Plaintiff was an unconscionable and unfair means to attempt to collect the alleged debt.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 28, 2011

    /s/ Seth J. Andrews
    Kenneth R. Hiller, Esq.
    Seth J. Andrews, Esq.
    Law Offices of Kenneth Hiller, PLLC
    *Attorneys for the Plaintiff*
    6000 North Bailey Ave., Suite 1A
    Amherst, NY 14226
    (716) 564-3288
    Email: khiller@kennethhiller.com
           sandrews@kennethhiller.com